STATE OF MAINE *versus* SPENCER.

Before a magistrate can issue a warrant to search for spirituous liquors, *a building*, part of which is used as a store and part for a dwellinghouse, it should *first* be shown to him by the testimony of witnesses, that there was reasonable ground for believing that such liquors were kept in such dwellinghouse or its appurtenances for illegal sale.

Without such preliminary testimony the warrant and proceedings thereon are void.

State of Maine *v.* Spencer.

EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

ON COMPLAINT. Sect. 11, c. 48 of laws of 1853, enacts that, "No warrant shall issue for the search of any dwelling-house in which or a part of which a shop is not kept, or other place is not kept for the sale of such liquors, unless it shall first be shown to the magistrate, before a warrant is issued for such search, by the testimony of witnesses upon oath, that there is reasonable ground for believing that such liquors are kept or deposited in such dwelling-house or its appurtenances, intended for unlawful sale in such dwellinghouse or elsewhere, which testimony the magistrate shall reduce to writing, and cause to be signed and verified by oath of such witnesses, and upon such testimony he may, upon complaint of three persons," &c.

Three persons complained to a magistrate, "that spirituous and intoxicating liquors are kept and deposited in a certain building, part of which is used as a store and part for a dwellinghouse, situated in Belgrade in said county, at South Belgrade, (so called,) occupied by Frederic Spencer, it being the building next north of Solomon Leonard's store."

Upon this complaint a warrant was issued, search made, and a large quantity of intoxicating liquors found in the premises searched. The defendant was arrested and tried before the magistrate and convicted and the liquors ordered to be destroyed. From this judgment the defendant appealed to the Supreme Judicial Court, where he was tried and convicted upon the complaint.

A motion was filed that the judgment might be arrested, "because it appears from the complaint that a part of the building to be searched was a dwellinghouse, and it does not appear that any part thereof was used as a shop, or for the purposes of traffic.

This motion was overruled and exceptions taken.

*E. Fuller*, in support of the exceptions.

*Vose*, County Attorney, *contra.*

CUTTING, J. — The statute of 1853, c. 48, § 11, provides that, "No warrant shall issue for the search of any dwelling-house in which or a part of which a shop is not kept, or other place is not kept for the sale of such liquors, unless it shall first be shown to the magistrate before a warrant is issued for such search, by the testimony of witnesses upon oath, that there is reasonable ground for believing that such liquors are kept or deposited in such dwellinghouse or its appurtenances," ·&c.

The warrant, like the complaint, charges, "that spirituous and intoxicating liquors are kept and deposited in a certain building, part of which is used as a store and part for a dwellinghouse."

A building may constitute an entire block, consisting of separate and independent tenements, one of which may be occupied for a dwellinghouse and another for a store, and between which there may be no communication; spirituous liquors unlawfully kept in the latter, would not authorize a search in the former; whereas the warrant directs search to be made in both, that is, in the building. It does not appear, that a shop or other place is kept for the sale of liquors *"in "* that part of the building used as a dwellinghouse, without which allegation in the complaint, no warrant could be issued to search the dwellinghouse without the preliminary testimony having first been taken, as prescribed in the eleventh section. *Judgment arrested.*

SHEPLEY C. J., and TENNEY and APPLETON J. J., concurred.